Harold F. **PARKER**, Appellant,

v.

**ALASKA POWER AUTHORITY,**
Appellee.

No. S–6350.

Supreme Court of Alaska.

March 29, 1996.

Harold F. Parker, pro se, Talkeetna.

Ross A. Kopperud, Assistant Attorney General, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

MATTHEWS, Justice.

Harold Parker is the holder of a mining claim located on land owned by the State. The Alaska Power Authority (APA) built two power line towers on this land under a right-of-way permit issued by the State. Prior to the construction of the towers the APA filed an eminent domain complaint against Parker because of his ownership of the mining claim on the land.

Parker moved for a deposit of just compensation pursuant to AS 09.55.400. The APA filed a memorandum which argued that APA need not proceed by eminent domain. The APA alleged that Parker's mining claim, a creation of AS 38.05.255, is subject to reasonable concurrent uses, that the towers represented a reasonable concurrent use, and that the APA need not compensate Parker because it had not taken any property or rights to property from Parker. The parties treated APA's memorandum as a motion to

dismiss, and Parker responded to it. The trial court then dismissed the case, stating:

> Pursuant to Civil Rule 72(i)(1) and (3), the above-captioned case is dismissed without prejudice. Defendant Parker is free to mine in and around [the land the APA occupies] provided he comply with State of Alaska, Department of Natural Resources, Division of Mines' statutes and regulations governing such activities.

From this order Parker has appealed.

■ Civil Rule 72(i)(1) and (3), regarding eminent domain, provided at the time of the dismissal:

> (i) Dismissal of Action.

> (1) As of Right. If no hearing has begun to determine the compensation to be paid for a piece of property and the plaintiff has not acquired the title or a lesser interest in or taken possession, the plaintiff may dismiss the action as to that property, without an order of the court, by filing a notice of dismissal setting forth a brief description of the property as to which the action is dismissed.

> . . . .

> (3) By Order of the Court. At any time before compensation for a piece of property has been determined and paid and after motion and hearing, the court may dismiss the action as to that property, except that it shall not dismiss the action as to any part of the property of which the plaintiff has taken possession or in which the plaintiff has taken title or a lesser interest, but shall award just compensation for the possession, title or lesser interest so taken. The court at any time may drop a defendant unnecessarily or improperly joined.

The only issue in this case is whether the superior court correctly dismissed the complaint under either of the above subsections. We conclude that dismissal was proper under both subsections.

Both subsections speak to the acquisition of title or a lesser interest or the taking of possession of the property in question. Both subsections make clear that for a defendant to receive compensation there must be a taking accomplished by eminent domain. If there has been no taking then a defendant has no right to compensation, and the action may be dismissed.

APA acquired its right to possess the land in question by a right-of-way permit from the owner of the surface estate, the State of Alaska. The question in this case is whether an additional title or right to possession must be acquired from Parker. To answer this question the nature of Parker's interest must be examined.

At common law, the scope of a mineral owner's rights to the surface estate was "determined by reasonableness: the mineral owner [was] entitled to use as much of the surface estate as [was] reasonably necessary to obtain access to the minerals. Conduct [was] reasonable if it [was] consistent with the practices of the extraction industry." Ronald W. Polston, *Surface Rights of Mineral Owners—What Happens When Judges Make Law and Nobody Listens?*, 63 N.D.L.Rev. 41, 42 (1987). *Norken Corp. v. McGahan*, 823 P.2d 622, 628 (Alaska 1991). Thus, the mineral interest was the dominant estate, and "the mineral owner [had] no obligation to pay the surface owner for the reasonable amount of surface consumed in the development of the mineral estate."[1] *Id.*; *see also* Michelle A. Wenzel, *The Model Surface Use and Mineral Development Accommodation Act: Easy Easements for Mining Interests*, 42 Am.U.L.Rev. 607, 622 (1993).

The common law rule is not applicable to lands owned by or devolving from the State of Alaska. Alaska Statute 38.05.125 reserves minerals from every land grant.[2] Thus,

---

1. The authorities Parker cites for the proposition that he has a right to exclusive use of the surface above his mining claim follow this common law rule; they are not Alaska cases.

2. AS 38.05.125(a) states:

> Each contract for the sale, lease or grant of state land, and each deed to state land, properties or interest in state land, made under AS

38.05.045–38.05.120, 38.05.321, 38.05.810–38.05.825, AS 38.08, or AS 38.50 except as provided in AS 38.50.050 is subject to the following reservations: "The party of the first part, Alaska, hereby expressly saves, excepts and reserves out of the grant hereby made, unto itself, its lessees, successors, and assigns forever, all oils, gases, coal, ores, minerals, fissionable materials, geothermal resources,

much land in Alaska is divided into surface and mineral estates. A mineral rights owner has a right to surface uses of the land containing the minerals he owns. Such uses shall be "limited to those necessary for the prospecting for, extraction of, or basic processing of mineral deposits and shall be subject to reasonable concurrent uses." AS 38.05.255.[3] Further, before mineral rights are exercised under a reservation of mineral rights made pursuant to AS 38.05.125, the mineral rights owner must "make provision to pay the owner of the land full payment for all damages sustained by the owner, by reason of entering upon the land." AS 38.05.130.

Thus, Parker's surface right is a limited one. He can use the surface as necessary for his mining activities, but his surface uses are subject to reasonable concurrent uses. The State, as the owner of the surface estate, is permitted to convey all or part of its interest to other parties and it has done so in this case through the right-of-way grant to APA.

Because of Parker's limited interest in the surface estate, APA has not, by acquiring the right of way or constructing the power line towers, acquired title or a lesser interest in,

or taken possession of, any property interest Parker has in the mining claim. APA thus had the right, under Civil Rule 72(i)(1), to have this case dismissed. For the same reason, dismissal by the court was proper under Civil Rule 72(i)(3).

■ Parker has made no attempt to mine the property. Further, he has not shown that he has plans to commence mining operations in the near future. Any claim that APA has taken an interest in or possession of Parker's mineral rights is premature. If, in the future, Parker can demonstrate that the APA towers substantially interfere with his mining activity, he can initiate an inverse condemnation action. We intimate no view as to how the specific legal or factual issues presented by such a suit should be resolved.

AFFIRMED.

and fossils of every name, kind or description, and which may be in or upon said land above described, or any part thereof, and the right to explore the same for such oils, gases, coal, ores, minerals, fissionable materials, geothermal resources and fossils, and it also hereby expressly saves and reserves out of the grant hereby made, unto itself, its lessees, successors, and assigns forever, the right to enter by itself, its or their agents, attorneys, and servants upon said land, or any, part or parts thereof, at any and all times for the purpose of opening, developing, drilling, and working mines or wells on these or other land and taking out and removing therefrom all such oils, gases, coal, ores, minerals, fissionable materials, geothermal resources, and fossils, and to that end it further expressly reserves out of the grant hereby made, unto itself, its lessees, successors, and assigns forever, the right by its or their agents, servants and attorneys at any and all times to erect, construct, maintain, and

use all such buildings, machinery, roads, pipelines, powerlines, and railroads, sink such shafts, drill such wells, remove such soil, and to remain on said land or any part thereof for the foregoing purposes and to occupy as much of said land as may be necessary or convenient for such purposes hereby expressly reserving to itself, its lessees, successors, and assigns, as aforesaid, generally all rights and power in, to, and over said land, whether herein expressed or not, reasonably necessary or convenient to render beneficial and efficient the complete enjoyment of the property and rights hereby expressly reserved."

3. AS 38.05.255 provides in part:

Surface uses of land or water included within mining properties by owners of those properties shall be limited to those necessary for the prospecting for, extraction of, or basic processing of mineral deposits and shall be subject to reasonable concurrent uses.